**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ARIEL LOPEZ-PEREZ,** | : |
| Plaintiff | : |
| | : CIVIL NO. 3:CV-11-0048 |
| v. | : |
| | : (Judge Caputo) |
| **DOMINICK L. DEROSE,** *et al.*, | : |
| Defendants | : |

**O R D E R**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

The pro se plaintiff, Ariel Lopez-Perez, an inmate at the Huntingdon State Correctional Institution, Huntingdon, Pennsylvania, filed this civil-rights action on January 7, 2011, alleging a Dauphin County Prison officer used excessive force against him, injuring him, when handcuffs were applied too tightly.  Doc. 1, Compl.  On March 25, 2011, Mr. Lopez-Perez filed his first motion for appointment of counsel.  Doc. 11.  The Court denied that motion on April 22, 2011.  Doc. 15.  Less than two weeks later, Mr. Lopez-Perez filed a second motion for appointment of counsel.  Doc. 20.  His motion is based on similar grounds raised in his first motion, and will be denied without prejudice for similar reasons.

A *pro se* litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel.  *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997).  However, pursuant to 28 U.S.C. § 1915(e)(1), the court has discretion to seek representation for a plaintiff.  This effort is made only "upon a

showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting ... from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984). The threshold issue is whether the plaintiff's claim has arguable merit in fact and law. *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993).

This case is in its procedural infancy. On April 22, 2011, the Court directed service of the Complaint on the defendants. Defendants will either challenge the legal basis of the complaint or file an answer. It is not until these matters are resolved will the Court be able to examine the threshold question of the arguable factual and legal merit of Mr. Lopez-Perez's claims for the purpose of appointing him counsel. There is no evidence, at this point, that any prejudice will result in the absence of counsel, especially given the very early procedural posture of this case. Consequently, at this time Plaintiff's second request for counsel will be denied.

**AND NOW,** this   **18th**   day of **MAY, 2011**, it is ordered that Mr. Lopez-Perez's Second Motion for Appointment of Counsel (doc. 20) is denied without prejudice.

                                             **/s/ A. Richard Caputo**
                                             **A. RICHARD CAPUTO**
                                             **United States District Judge**