**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ARIEL LOPEZ-PEREZ,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **CIVIL NO. 3:CV-11-0048** |
| **v.** | : | |
| | : | **(Judge Caputo)** |
| **DOMINICK L. DEROSE, *et al.,*** | : | |
| | : | |
| **Defendants** | : | |

**M E M O R A N D U M**

**I.    Introduction**

On January 7, 2011, Ariel Lopez-Perez, an inmate formerly housed at the

Dauphin County Prison (DCP) in Harrisburg, Pennsylvania,[1] filed the present civil

action alleging he was assaulted by Corrections Office (CO) Tonya M. Brant and

then denied medical care fo his injuries.  Doc. 1, Compl.  Also named as a

defendant is DCP's Warden, Dominick L. DeRose.

On June 10, 2011, Defendant DeRose filed a motion to dismiss the

Complaint against him based on Mr. Lopez-Perez's failure to allege his personal

involvement in the alleged constitutional violations.  Doc. 23, Mot. to Dismiss.

Although a timely supporting brief was filed by Defendant DeRose, and properly

served on Mr. Lopez-Perez at SCI-Huntingdon, Mr. Lopez-Perez has failed to file an

---

[1]  Mr. Lopez-Perez is presently housed at Huntingdon State Correctional Institution
(SCI-Huntingdon), in Huntingdon, Pennsylvania.

opposition brief or seek an enlargement of time to do so.  Additionally, on June 17, 2011, the Court directed Mr. Lopez-Perez to provide us with sufficient information to effect original service on CO Brant after her Waiver of Service was returned undeliverable and unexecuted with the notation that she was "no longer affiliated with the DCP" and there was no forwarding address for her.  Doc. 21, Unexecuted Waver of Service.  To date, Mr. Lopez-Perez has not provide the Court with any additional information as to this defendant.

For the following reasons, Defendant DeRose's motion will be granted and the case dismissed as to CO Brant pursuant to Fed. R. Civ. P. 4(m).


**II.      Standard of Review**

A claim may be dismissed under Fed. R. Civ. P 12(b)(6) for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  In general, when ruling on a motion to dismiss pursuant to 12(b)(6), a court may only consider documents that are attached to or submitted with the Complaint, and matters of public record.  *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002).  The court may also consider "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered."  *Pryor,* 288 F.3d at 560 (citation omitted); *see also U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a

district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.") (internal quotation omitted).

The Third Circuit Court of Appeals has held that a district court must conduct a three-part analysis to determine whether a claim survives a motion to dismiss. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011)(citing *Ashcroft v. Iqbal*, 556 U.S. 662, ___ 129 S.Ct. 1937, 1947-50, 173 L.Ed.2d 868 (2009)).  The "inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Id.*

To survive a motion to dismiss, a complaint must allege sufficient facts, if accepted as true, that state "a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at ___, 129 S.Ct. at 1949.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at ___, 129 S.Ct. at 1949.  The court is " 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Id. at* ___, 129 S.Ct. at 1950 (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965); *see also*

*PA Prison Soc. v. Cortes*, 622 F.3d 215, 233 (3d Cir. 2010).  Even though *pro se*
complaints must be liberally construed a plaintiff is required to set forth "more than
an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at
__, 129 S.Ct. at 1949.  If a party opposing a motion to dismiss does not "nudge [his]
claims across the line from conceivable to plausible, [the] complaint must be
dismissed."  *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974.

   Finally, *pro se* pleadings are held to a less stringent standard than formal
pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct.
2197, 2200, 167 L.Ed.2d 1081 (2007); *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir.
2009).  However, under no circumstance is a court required to accept bald
assertions, unwarranted inferences, or sweeping legal conclusions cast in the form
of factual allegations.  *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d
198, 215 (3d Cir. 2002); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n. 8
(3d Cir. 1997).  *Pro se* litigants are to be granted leave to file a curative amended
complaint even when a plaintiff does not seek leave to amend, unless such an
amendment would be inequitable or futile.  *See Fletcher–Harlee Corp. v. Pote
Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007).  However, a complaint
that sets forth facts which affirmatively demonstrate that the plaintiff has no right to
recover is properly dismissed without leave to amend.  *Grayson v. Mayview State
Hospital*, 293 F.3d 103, 106 (3d Cir. 2002).

III.     **Allegations of the Complaint**[2]

On June 12, 2010, Mr. Lopez-Perez was housed at the DCP.  He was double celled with another inmate, Miguel Rivera.  Doc. 7, Lopez-Perez Aff. at CM/ECF pp. 1-2.[3]  On that day, CO Brant told Mr. Lopez-Perez to get out of his cell "you crazy illegal immigrant so [she] [could] search" it.  *Id*.  Mr. Lopez-Perez complied.  At that time Mr. Lopez-Perez was called to the center desk by another corrections officer and told to report to the medical department for his diabetes medication.  *Id*. at CM/ECF p. 2.  Mr. Lopez-Perez advised the officer that his identification card was in his cell.  *Id*.  When Mr. Lopez-Perez returned to his cell to retrieve his identification card, CO Brant "started yelling at [him] and was very disrespectful towards" him.  *Id*.  As a result, Mr. Lopez-Perez "just stood there in front of [his] cell and didn't say anything else to her."  *Id*.  Five to ten minutes later, Mr. Lopez-Perez was again called to the center desk and asked why he had not reported to the medical unit.  *Id*. at CM/ECF p. 3.  When Plaintiff advised that CO Brant would not let him retrieve his identification card, the officer ordered him to return to his cell, get his card and then report to the medical unit.  *Id*.  This time CO Brant gave Plaintiff his card, but again was verbally abusive.  *Id*.

---

[2]  Mr. Lopez-Perez filed an affidavit in support of his Complaint shortly thereafter. *See* Doc. 7, Lopez-Perez Aff.  The Court has collectively construed these two documents as Mr. Lopez-Perez's Complaint.

[3]  Unless otherwise noted, all citations to the record reflect the docket number and page number assigned by the electronic case filing system (CM/ECF) rather than the page numbers of the original documents.

When Mr. Lopez-Perez started walking away from the cell, CO Brant called him back and took his identification card. *Id*. She then handcuffed one of his wrists and attached the other handcuff to a bunkbed located outside of his cell "for no reason". *Id*. at CM/ECF pp. 3-4. Mr. Lopez-Perez states that his "right wrist was handcuffed to the bunkbed very tightly." *Id*. at p. 4. CO Brant then left the block and reappeared with a book that she sat down to read. *Id*. After approximately 10 minutes, a Sergeant came to the block, removed Mr. Lopez-Perez's handcuffs, and took him to a different housing unit and placed him in a holding cell. *Id*. Later, Mr. Lopez-Perez was transferred to the disciplinary block. *Id*.

Later that evening Nurse Melissa, whom Mr. Lopez-Perez knew, "attended to [him] medically." *Id*. at CM/ECF pp. 4-5. After informing her that his wrist hurt, she placed him on the list to see the physician the next day. *Id*. at CM/ECF p. 5. The doctor examined Mr. Lopez-Perez's swollen wrist and gave him pain medication. *Id*. A week later, after complaining of continued wrist pain, Mr. Lopez-Perez saw the doctor a second time. *Id*. The doctor advised Mr. Lopez-Perez that "he needed surgery for [his] injured wrist but that [he] would have to wait until [he] was released from prison because the prison would not provide the necessary medical attention at the time." *Id*. at CM/ECF pp. 5-6.

Mr. Lopez-Perez wrote to Warden DeRose advising that his "rights to receive proper medical treatment for [his] injured wrist have been violated by the Dauphin County Prison" but was told that "nothing could be done." *Id*. at CM/ECF  p. 7.

**IV.     Discussion**

    **A.     Failure to State a Claim Against Warden DeRose.**

Warden DeRose seeks dismissal of the Complaint against him based on his lack of personal involvement in conduct amounting to a constitutional violation, or alternatively, that Mr. Lopez-Perez fails to state an claim against him.  The Court agrees with both of defendant's arguments.

A "defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of *respondeat superior*." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)).  Individual liability can only be imposed if the state actor played an "affirmative part" in the complained-of misconduct. *Chinchello v. Fenton* , 805 F.2d 126, 133 (3d Cir. 1986).  "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Argueta v. U.S. ICE*, 643 F.3d 60, 72 (3d Cir. 2011) (quoting *Rode*, 845 F.2d at 1207).  Alternatively, a supervisor may also be held liable under § 1983 if it is shown that he or she "established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *A.M. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004).  Thus, supervisor liability may be imposed under Section 1983 only if "the connection between the supervisor's directions and the constitutional deprivation [is] sufficient to demonstrate a plausible nexus or affirmative link between the directions and the specific deprivation of constitutional rights at issue." *Santiago v. Warminster Tp.*,

629 F.3d 121, 130 (3d Cir. 2010).

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103–105, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). In order to set forth a cognizable claim Eighth Amendment medical claim, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106, 97 S. Ct. at 292. A prison officials is deliberately indifferent if he knows the prisoner faces a substantial risk of serious harm and fails to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837-38, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994); *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1997).

"To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." *Giles v. Kearney*, 571 F.3d 318, 330 (3d Cir. 2009). "It is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'" *Rouse,* 182 F.3d at 197; *see also White v. Napoleon*, 897 F.2d 103, 108 (3d Cir.1990) (concluding that mere medical malpractice cannot give rise to a violation of the Eighth Amendment). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle,* 429 U.S. at 104-05. 97 S.Ct. at 291; *see also Montilla v. Prison Health Services, Inc.,* No. 11-3851, 2012 WL 90182 (3d Cir. Jan. 12, 2012). "[M]ere disagreements over medical judgment do not state Eighth Amendment claims." White, 897 F.2d at

-8-

110.   "A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  *Estelle,* 429 U.S. at 106, 97 S.Ct. at 292.

Mr. Lopez-Perez has not alleged facts, that if proven, state a cause of action under the Eighth Amendment.  Initially, Plaintiff's only allegations with respect to Warden DeRose are that he was CO Brant's employer (Doc. 1, Complt. at CM/ECF p. 2), and that he failed to provide him with a satisfactory response to his complaint that his "rights to receive proper medical treatment for [his] injured wrist have been violated by the Dauphin County Prison."  Doc. 7 at CM/ECF p. 6.  These sparse allegations do not demonstrate Warden DeRose's personal involvement in either the alleged excessive use of force claim framed by CO Brant's actions when she applied handcuffs to Mr. Lopez-Perez, or the denial of appropriate care for his wrist injury.  Moreover, the facts alleged by Mr. Lopez-Perez fail to state a claim of deliberate indifference to a serious medical need.  He concedes he received medical treatment while at the DCP for his wrist injury.  To the extent that he feels his constitutional rights were violate because an unidentified prison doctor told him "he needed surgery for [his] injured wrist but that [he] would have to wait until [he] was released from prison because the prison would not provide the necessary medical attention at the time," *Id*. at CM/ECF pp. 5-6, even if such a statement was made, Mr. Lopez-Perez's Complaint and Affidavit are devoid of evidence or an inference that Warden DeRose knew of and disregarded a substantial risk to Plaintiff's serious medical condition given the fact that he was being treated, albeit to

-9-

his dissatisfaction, by prison medical personnel.  Further, a non-physician defendant will not be liable for deliberate indifference where the inmate is receiving treatment by the prison's medical staff.  *See Durmer*, 991 F.2d at 69.

Accordingly, Warden DeRose's Motion to Dismiss will be granted based on Mr. Lopez-Perez's failure to state a claim upon which relief can be granted.

### B.    Dismissal of Action against CO Brant Pursuant to Fed. R. Civ. P. 4(m).

In cases wherein the plaintiff proceeds *in forma pauperis*, the "officers of the court shall issue and serve all process."  28 U.S.C. § 1915(d); *see also* Fed. R. Civ. P. 4(c)(3).  Although an inmate plaintiff proceeding *in forma pauperis* may rely on service by the Marshal, he is not divested of all responsibilities related to this task. When advised of a problem in accomplishing service, a *pro se* litigant proceeding *in forma pauperis* must "attempt to remedy any apparent service defects of which [he] has knowledge."  *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir.1987).  If service cannot be accomplished due to the *pro se* plaintiff's "neglect" or "fault," such as failing to provide sufficient information to identify or locate the defendant, and the plaintiff fails to remedy the situation after being put on notice, dismissal of claims against the defendant may be appropriate.  *See* Fed. R. Civ. P. 4(m).

As noted earlier, CO Brant was never served in this case, the burden is on Mr. Lopez-Perez to provide sufficient information to enable the Marshal to serve CO Brant.  On June 17, 2011, the Court requested Mr. Lopez-Perez to provide a proper address for CO Brant.  *See* Doc. 25.  The order forewarned Plaintiff that failure to

-10-

timely respond would result in dismissal without prejudice of his claims against CO

Brant.  *Id*.  More than 9 months have passed since that request.  Plaintiff has been

given ample opportunity to provide sufficient identifying information to permit service

upon CO Brant, but has failed to do so.  Under these circumstances, CO Brant will

be dismissed from this action pursuant to Fed. R. Civ. P. 4(m).  *See Liu v. Oriental*

*Buffet*, 134 F. App'x 544 (3d Cir. 2005).


**V.     Conclusion**

        Mr. Lopez-Perz has not stated an Eighth Amendment claim of denial of

medical care against Warden DeRose, nor has he alleged Warden DeRose's

personal involvement in the excessive use of force claim he set forth against CO

Brant.  Therefore, Warden DeRose's motion to dismiss pursuant to Fed. R. Civ. P.

12(b)(6) will be granted.[4]  In addition, the Complaint against CO Brant will be

dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

        An appropriate order follows.


                                        /s/ A. Richard Caputo
                                        **A. RICHARD CAPUTO**
                                        **United States District Judge**

**Date: March   7th   , 2012**

---------------------------------

        [4]  Because amendment would be futile, leave to amend the complaint will not be
granted.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ARIEL LOPEZ-PEREZ,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **CIVIL NO. 3:CV-11-0048** |
| **v.** | : | |
| | : | **(Judge Caputo)** |
| **DOMINICK L. DEROSE,** *et al.,* | : | |
| | : | |
| **Defendants** | : | |

# O R D E R

**AND NOW**, this **7th** day of **MARCH, 2012**, in accordance with the accompanying memorandum, it is ordered that:

1.  The motion to dismiss the complaint (Doc. 23) pursuant to Fed. R. Civ. P. 12(b)(6) filed on behalf of Defendant DeRose is GRANTED.

2.  The Complaint against CO Brant is DISMISSED without prejudice pursuant to Fed. R. Civ. P. 4(m).

3.  The Clerk of Court shall mark this matter CLOSED.


**/s/ A. Richard Caputo**
**A. RICHARD CAPUTO**
**United States District Judge**